IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAHMOOD I. ALYSHAH,

    Plaintiff,

      v.

                           CIVIL ACTION FILE
                           NO. 1:06-CV-0931-TWT

LINDA WARREN HUNTER, et al.,

    Defendants.

## ORDER

       This is a *pro se* civil rights action.  It is before the Court on Defendant Judge Linda Warren Hunter's Motion to Dismiss [Doc. 9], Defendants John G. Marty, Steven J. Kaczkowski, and Cliff Brashier's Motion to Dismiss or in the Alternative Motion for Summary Judgment [Doc. 21], Defendants J. Dan Pelletier and William A. Cassidy's Motion to Dismiss [Doc. 22] and the Plaintiff's Motion to Strike Defendants Marty, Kaczkowski, and Brashier's Answer [Doc. 12], Motion to Strike Defendant Hunter's Motion to Dismiss [Doc. 14] and Motion to Strike Defendants Pelletier and Cassidy's Motion to Dismiss [Doc. 25].  For the reasons set forth below, the Defendants' motions are GRANTED and the Plaintiff's motions are DENIED.

## I. BACKGROUND

This is one of many lawsuits filed by the Plaintiff arising out of the State Bar of Georgia's efforts to prevent him from engaging in the unauthorized practice of law. The Plaintiff is the president of Alyshah Immigration Agency, Inc. ("Alyshah Immigration"), a Georgia for-profit organization that allegedly helps clients prepare forms related to immigration and employment within the United States. The Plaintiff is not a member of the State Bar, and he is neither licensed nor qualified to practice law in the state of Georgia. On July 17, 2002, the State Bar filed a complaint for injunctive relief against Alyshah Immigration in the Superior Court of DeKalb County. State Bar of Georgia v. Alyshah Immigration Agency, Inc., No. 02-CV-7660 (Sup. Ct. DeKalb County 2002). The complaint alleged that Alyshah Immigration had placed advertisements in local Atlanta magazines stating that it practiced immigration law. It also alleged that the Plaintiff misled an INS officer into thinking that Alyshah was a lawyer. The State Bar sought to enjoin Alyshah Immigration and its president from engaging in the unauthorized practice of law in Georgia. The complaint was signed by Defendant Steven J. Kaczkowski, an attorney for the State Bar.

The case was resolved with a Consent Order, signed by each party's counsel and by Judge Linda Warren Hunter, stating: "IT IS HEREBY ORDERED, ADJUDGED & DECREED that Alyshah Immigration Agency, Inc., and its officers, directors, employees and agents be permanently forbidden, restrained and enjoined

from engaging in the practice of law within the State of Georgia." (Consent Order of October 30, 2002, <u>State Bar of Georgia v. Alyshah Immigration Agency, Inc.</u>, No. 02-CV-7660 (Sup. Ct. DeKalb County 2002)).   On April 14, 2004, the Plaintiff and Alyshah Immigration filed a complaint in this Court challenging the constitutionality of this Consent Order and seeking damages resulting from that action.   <u>Alyshah Immigration Agency, Inc. v. State Bar of Georgia</u>, No. 1:04-CV-1017-TWT (N.D. Ga. 2004) ("<u>Alyshah Immigration I</u>").   The Court granted the State Bar's Motion to Dismiss on the grounds that these constitutional claims were barred by the <u>Rooker-Feldman</u> doctrine and *res judicata*.   The Court also dismissed the state law claims as inapplicable or barred by the statute of limitations.   The Court further determined that Alyshah's purported representation of Alyshah Immigration was a violation of Georgia law and of the Consent Order.

While the State Bar's Motion to Dismiss in <u>Alyshah Immigration I</u> was pending before this Court, Alyshah petitioned for the right to represent individuals in the United States Immigration Court.   U.S. Immigration Judge William A. Cassidy presided over the case and Attorney J. Dan Pelletier represented the Bureau of Immigration and Customs Enforcement.   On October 6, 2004, Judge Cassidy issued an order acknowledging the State Bar's findings that the Plaintiff and Alyshah Immigration were engaged in the unlicensed practice of law in violation of O.C.G.A.

§ 15-19-51.  The court also noted the Consent Order enjoining Alyshah and his company from engaging in the practice of law in Georgia and stated that Alyshah had violated the order by filing a motion in that court.  Thus, Judge Cassidy denied Alyshah's request to appear in that court, stating that "to do otherwise may be viewed as encouraging the violation of the consent decree." (Id.)  Thereafter, on January 19, 2005, the State Bar filed a Motion for Contempt of Court against Alyshah Immigration in the DeKalb Superior Court, alleging that Alyshah, as the president of Alyshah Immigration, had engaged in the unauthorized practice of law in violation of the Consent Order.

On March 21, 2005, Alyshah and Alyshah Immigration filed another lawsuit in this Court, Alyshah et al. v. The Supreme Court of Georgia, et al., No. 1:05-CV-759-TWT (N.D. Ga. 2005) (Alyshah Immigration II), alleging essentially the same claims as those asserted against the State Bar in Alyshah Immigration I, except that they now claimed that the State Bar was an arm of the Supreme Court of Georgia and thus also asserted their constitutional and state law claims against the Supreme Court and its Justices.  The plaintiffs also named Cliff Brashier as a defendant, presumably only in his role as the executive director of the State Bar of Georgia.  This Court subsequently dismissed all defendants on October 12, 2005, holding that the constitutional claims were barred by Rooker-Feldman and the state law claims were

without merit.  Additionally, the Court found that Alyshah Immigration was not properly before it.

On April 21, 2005, after establishing that Alyshah had willfully violated the Consent Order, Judge Hunter issued a contempt order instructing the DeKalb County Sheriff to incarcerate Alyshah for 20 days and pay a $500.00 fine.  The Plaintiff was subsequently arrested and incarcerated from June 2 to June 21, 2005.

The Plaintiff has now filed a new series of complaints in this Court.[1]  In this case, he asserts twelve separate state and federal causes of action ranging from conspiracy to negligent infliction of emotional distress.  All of his injuries arise out of his allegedly "false arrest and false imprisonment for 21 days through unconstitutional court order."  (Compl., p. 2.)  Included among the Defendants are Judge Hunter, U.S. Immigration Judge Cassidy, Attorney Pelletier, Brashier, Kaczkowski, and finally, John G. Marty, Assistant Counsel to the Unauthorized

---

[1]The Plaintiff has filed five other lawsuits in addition to this one: <u>Alyshah v. The United States of America et al.</u>, No. 1:06-CV-915-TWT (N.D. Ga. 2006); <u>Alyshah v. The Supreme Court of Georgia et al.</u>, No. 1:06-CV-929-TWT (N.D. Ga. 2006); <u>Alyshah v. State of Georgia et al.</u>, No. 1:06-CV-930-TWT (N.D. Ga. 2006); <u>Alyshah v. Hunter et al.</u>, No. 1:06-CV-931-TWT (N.D. Ga. 2006); and <u>Alyshah v. State Bar of Georgia Foundation, Inc. Doing Business as State Bar of Georgia, A Private Organization.</u>, No. 1:06-CV-946-TWT (N.D. Ga. 2006).  All six cases arise out of the same set of facts.

Practice of Law Section of the State Bar.  The Defendants have moved to dismiss the Plaintiff's claims.

## II. DISCUSSION

### A. Plaintiff's Motions to Strike

The Plaintiff attempts to strike Defendants Marty, Kaczkowski and Brashier's Answer, as well as several of the Defendants' motions to dismiss. Federal Rule of Civil Procedure 12(f) provides that "upon motion made by a party...the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  However, "[i]f an affirmative defense presents substantial questions of fact or law, the motion to strike should be denied." Sweeney v. American Registry of Pathology, 287 F. Supp. 2d 1, 5 (D. D.C. 2003) (punctuation omitted). First, the Plaintiff claims that Marty, Kaczkowski and Brashier's Answer should be stricken because it mentions "names of parties in official capacity instead of Individual capacities."  (Pl.'s Mot. to Strike Def. Marty's Answer, at 2.)  He cites Williamson v. U.S. Dept. of Agriculture, 815 F.2d 368 (5th Cir. 1987), for the proposition that the Defendants, in their individual capacities, "do not have the shield of sovereign immunity or any immunity of any form."  (Pl.'s Mot. to Strike Def. Marty's Answer, at 2.)  This is only half correct.  Although the individual Defendants obviously cannot claim sovereign immunity, they are entitled to assert

both absolute immunity and qualified immunity, as is clearly stated by the Plaintiff's cited authority.  <u>Williamson</u>, 815 F.2d at 379.  In their answer, these Defendants asserted that they were acting within the scope of their authority as employees of the State Bar of Georgia and were thus entitled to defenses based on immunity.  The Court finds this defense presents a substantial question of law and fact and thus denies the Plaintiff's motion to strike.

The Plaintiff's Motions to Strike Judge Hunter's Motion to Dismiss and Pelletier and Cassidy's Motion to Dismiss are similarly without merit.  As explained in <u>Lowery v. Hoffman</u>, 188 F.R.D. 651, 653 (M.D. Ala. 1999):

> The terms of [Rule 12(f)] make clear that "[o]nly material included in a 'pleading' may be subject of a motion to strike.... Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike." 2 James Wm. Moore, et al., Moore's Federal Practice § 12.37 [2] (3d ed.1999). Therefore, as an initial matter, the motion to strike must be denied as to all non-pleadings....

See also <u>Knight v. U.S.</u>, 845 F. Supp. 1372, 1374 (D. Ariz. 1993), <u>aff'd</u>, 77 F.3d 489 (9th Cir. 1996) (holding that a plaintiff's motion to strike the defendant's motion for summary judgment was improper).  Thus, because the Defendants' Motions to Dismiss are not "pleadings" within the meaning of Rule 12(f), the Plaintiff's Motions to Strike must be denied.  The Court will, however, consider them as responses to the Defendants' Motions to Dismiss.

B. <u>Motions to Dismiss</u>

1. <u>Standard of Review</u>

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief.  Fed. R. Civ. P. 12(b)(6); <u>see</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957); <u>Linder v. Portocarrero</u>, 963 F.2d 332 (11th Cir. 1992).  In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.  <u>See</u> <u>Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.</u>, 711 F.2d 989, 994-95 (11th Cir. 1983).  Generally, notice pleading is all that is required for a valid complaint.  <u>See</u> <u>Lombard's, Inc. v. Prince Mfg., Inc.</u>, 753 F.2d 974, 975 (11th Cir. 1985), <u>cert. denied</u>, 474 U.S. 1082 (1986).  Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  <u>Id.</u>

2. <u>Federal Claims</u>

As in <u>Alyshah Immigration I</u> and <u>Alyshah Immigration II</u>, the Plaintiff is again seeking damages based on the State Bar's attempt to enforce the Consent Order.  In this complaint, Alyshah asserts that the State Bar Individual Defendants Marty, Brashier, and Kaczkowski conspired with DeKalb County Superior Court Judge Hunter, U.S. Immigration Judge Cassidy, and Attorney Pelletier to violate the Plaintiff's civil rights under the First, Fourth, Fifth and Fourteenth Amendments.  He

also brings claims pursuant to 42 U.S.C. §§ 1981, 1983, 1986, and 1988.  For the

following reasons, the Court finds that dismissal of the Plaintiff's claims is

appropriate.

a. <u>Immunity</u>

DeKalb County Superior Court Judge Hunter, U.S. Immigration Judge Cassidy,

and Attorney Pelletier have asserted that they are immune from this lawsuit.  First, it

is "well-established" that state judges are immune from damages "for acts committed

within their judicial jurisdiction." <u>Pierson v. Ray</u>, 386 U.S. 547, 554 (1967).  The

Supreme Court more recently clarified that a judge's immunity is "an immunity from

suit, not just from ultimate assessment of damages." <u>Mireles v. Waco</u>, 502 U.S. 9, 11

(1991).  A plaintiff may overcome judicial immunity only by showing that the judge

either engaged in non-judicial actions or took actions where he had no jurisdiction.

<u>Id.</u>  The Plaintiff alleges that Judge Hunter acted outside of her jurisdiction by

enforcing the Consent Order against him when he allegedly was not a party to the

case.  As this Court previously made clear, "[a]lthough the complaint in state court

was filed against Alyshah Immigration, the individual plaintiff verified the answer,

acted as the corporate representative, and was specifically subject to the resultant

Consent Order." (<u>Alyshah et al. v. The Supreme Court of Georgia, et al.</u>, No. 1:05-

CV-759-TWT  (N.D. Ga. 2005) at 7.)  Judge Hunter thus did not act outside of her

jurisdiction by enforcing the Consent Order against the Plaintiff.  Accordingly, she is

immune from this lawsuit.

Furthermore, U.S. Immigration Judge Cassidy and Attorney Pelletier are

entitled to absolute immunity for their role in the immigration proceeding.  As

recently summarized by the Second Circuit:

> Absolute immunity is accorded to judges  and prosecutors functioning
> in their official capacities and, under certain circumstances, is also
> extended to officials of government agencies "performing certain
> functions analogous to those of a prosecutor" or a judge. Butz v.
> Economou, 438 U.S. 478, 515 (1978). In considering whether the
> procedures used by the agency are sufficiently similar to judicial process
> to warrant a grant of absolute immunity, we employ a "functional
> approach," Cleavinger v. Saxner, 474 U.S. 193, 201-02 (1985) (citing
> Harlow v. Fitzgerald, 457 U.S. 800, 810 (1982)), and look to whether the
> actions taken by the official are "functionally comparable" to that of a
> judge or a prosecutor, Butz, 438 U.S. at 513; see also Imbler v.
> Pachtman, 424 U.S. 409, 423 n.20 (1976); Young v. Selsky, 41 F.3d 47,
> 51 (2d Cir.1994). Government actors who seek absolute immunity "bear
> the burden of showing that public policy requires an exemption of that
> scope." Butz, 438 U.S. at 506.  However, once a court determines that an
> official was functioning in a core judicial or prosecutorial capacity,
> absolute immunity applies "however erroneous the act may have been,
> and however injurious in its consequences it may have proved to the
> plaintiff." Cleavinger, 474 U.S. at 199-200 (internal quotations and
> citations omitted).

DiBlasio v. Novello, 344 F.3d 292, 296-97 (2d Cir. 2003).  Here, the Plaintiff alleges

only that these Defendants released his "Statement of Right to Represent" to the State

Bar of Georgia.  Assuming that this allegation is true, the Court finds that this activity

was so closely intertwined with the judicial process that these Defendants are entitled

to absolute immunity.  Once Pelletier and Cassidy became aware that the Plaintiff was violating the Consent Order by continuing to practice law, they had a duty to report this violation to the appropriate authorities.

Additionally, the Plaintiff's claim is without merit because this document is not protected from disclosure.  Under the Privacy Act, which governs records maintained on individuals by federal agencies:

> [T]he term "record" means any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph[.]

5 U.S.C. § 552(a).  Here, the "Statement of Right to Represent" signed by the Plaintiff and filed in Immigration Court does not constitute a public record for purposes of the Privacy Act.  First, the document does not contain any personal information regarding the Plaintiff.  Instead, the document merely states that Alyshah intends to represent the Patels in Immigration Court.  (Compl., Ex. B.)  Moreover, the Plaintiff filed this document in Immigration Court, a public forum, and it's release thus could not constitute a Privacy Act violation.  Therefore, Pelletier and Cassidy violated no law by submitting this document to the Georgia state court.

### b. Rooker-Feldman Doctrine

The remaining Defendants–Marty, Kaczkowski, and Brashier–argue that the Plaintiff's claims against them should be dismissed pursuant to the Rooker-Feldman Doctrine.  Under this doctrine, a federal district court lacks subject matter jurisdiction to review, reverse, or invalidate a final decision by a state court.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-416 (1923).  The Supreme Court recently stated that this doctrine continues to apply in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  Based on this most recent Supreme Court opinion on Rooker-Feldman, the Second Circuit has held  that the doctrine applies when: (1) the federal plaintiff lost in state court; (2) the plaintiff now complains of injuries caused by the state court judgment; (3) the plaintiff asks the district court to review and reject the state court judgment; and (4) the state court judgment was rendered prior to commencement of the district court proceedings. Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005).[2]

---

[2]Prior to Exxon Mobil, the Eleventh Circuit held that Rooker-Feldman applied where the following four criteria were met:

> (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the

Here, all four elements of this doctrine are satisfied.  First, although the Plaintiff

continues to dispute that he was a party to the state court's Consent Order, this Court

has previously concluded that he was "specifically subject" to that judgment.

Furthermore, it is clearly injuries from this state court judgment that the Plaintiff now

seeks relief, as all of his claims arise out of Judge Hunter's Order that he be

incarcerated for violating the Consent Order.  Third, although he is not directly

---

merits; (3) the party seeking relief in federal court had a reasonable
opportunity to raise its federal claims in the state court proceeding; and
(4) the issue before the federal court was either adjudicated by the state
court or was inextricably intertwined with the state court's judgment.

Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1265 n.11 (11th Cir.
2003) (citations omitted).  This latest Supreme Court decision has limited the scope
of the doctrine and changed the third and fourth elements of this test.  See Thomas D.
Rowe Jr. & Edward L. Baskauskas, Inextricably Intertwined Explicable at Last?
Rooker-Feldman Analysis After the Supreme Court's Exxon Mobil Decision, 2006
Fed. Ct. L. Rev 1 (concluding that anyone who starts an analysis of Rooker-Feldman
by applying the phrase "inextricably intertwined" either "hasn't read Exxon Mobil or
hasn't read it right").  Specifically, in Exxon Mobil, the Supreme Court explained that
the federal court's jurisdiction exists as long as the federal plaintiff "present[s] some
independent claim, albeit one that denies a legal conclusion that a state court has
reached in a case to which he was a party."  Exxon Mobil, 544 U.S. at 293 (quoting
GASH Assocs. v. Village of Rosemont, Ill., 995 F.2d 726, 728 (7th Cir. 1993)).

This change in the Rooker-Feldman analysis will not affect the outcome in this
lawsuit, however.  Just as a father whose parental rights are terminated in state court
may not then file a federal claim alleging his substantive due process rights as a parent
have been violated, see Hoblock, 422 F.3d at 87 (providing this hypothetical example
to demonstrate an instance where Rooker-Feldman always applies), the Plaintiff's
federal claims here are comprised entirely of injuries resulting from the enforcement
of the DeKalb Superior Court's Consent Order.  His claims thus are not independent
of the state court judgment.

requesting that the Court overturn the Consent Order, he continues to assert that it is unconstitutional and seeks damages based on the State Bar's attempts to enforce it. Thus, in essence, the Plaintiff is again challenging the validity of the Consent Order itself, and his claims cannot succeed unless this Court reviews and rejects that state court judgment.  Finally, it is undisputed that the Consent Order was entered on October 30, 2002, over three years before the Plaintiff commenced this proceeding. Accordingly, under the principles of Exxon Mobil, Rooker-Feldman bars this Court from hearing any of these claims.

C. State Law Claims

The Plaintiff also brings several state law claims, alleging violations of O.C.G.A. §§ 9-4-7(a) and 15-1-8(a)(2), as well as common law claims for Negligent Infliction of Emotional Distress and Intentional Infliction of Emotional Distress. Assuming arguendo that immunity or Rooker-Feldman does not prohibit these claims, all his allegations are still without merit.  First, under O.C.G.A. § 9-4-7(a),  "[n]o Declaration shall prejudice the rights of persons not parties to the proceeding."  As stated previously however, the Plaintiff was "specifically subject" to the Consent Order.  This statutory language is thus of no aid to the Plaintiff.  Moreover, O.C.G.A. § 15-1-8(a)(2) merely provides that a judicial officer shall be precluded from presiding over any case where she "is related by consanguinity or affinity within the sixth

degree."  For a judge to be disqualified under this statute, "the interest must be a direct, certain, and immediate interest, and not one which is indirect, incidental or remote."  Robertson v. State, 225 Ga. App. 389, 390 (1997).  Alyshah alleges that Judge Hunter has violated this provision, but does not plead any facts to support such a claim.  Just as in Alyshah Immigration I and Alyshah Immigration II, he appears to be arguing that because she is a member of the State Bar, she somehow has an unlawful conflict of interest in this lawsuit.  As the Court has stated twice before, "[t]his ludicrous assertion, if acknowledged as valid, would effectively bar the State Bar of Georgia from access to the Georgia courts, severely impeding its ability to aid in the regulation of the practice of law in Georgia."  (Order of Oct. 12, 2005, Alyshah et al. v. The Supreme Court of Georgia, et al., No. 1:05-CV-759-TWT (N.D. Ga. 2005), at 12); (Order of March 11, 2005, Alyshah Immigration Agency, Inc. v. State Bar of Georgia, No. 1:04-CV-1017-TWT (N.D. Ga. 2004), at 6 n.1.)  This allegation is without merit.

Finally, the Plaintiff's claims of Negligent and Intentional Infliction of Emotional Distress are similarly unavailing, as there has been no negligent, reckless or intentionally wrongful conduct on the part of the Defendants.  See Metropolitan Atlanta Rapid Transit Auth. v. Mosley, 2006 WL 1914633, at *3 (2006) (requiring that a claim for intentional infliction of emotional distress be supported by  conduct

that is intentional or reckless); <u>Holbrook v. Stansell</u>, 254 Ga. App. 553, 554 (2002).

Dismissal is thus warranted on all the Plaintiff's state law claims.

### III. <u>CONCLUSION</u>

For the reasons set forth above, Defendant Hunter's Motion to Dismiss [Doc. 9] is GRANTED; Defendants Marty, Kaczkowski, and Brashier's Motion to Dismiss [Doc. 21] is GRANTED; Defendants Pelletier and Cassidy's Motion to Dismiss [Doc. 22] is GRANTED; the Plaintiff's Motion to Strike Defendants Marty, Kaczkowski, and Brashier's Answer [Doc. 12] is DENIED; the Plaintiff's Motion to Strike Defendant Hunter's Motion to Dismiss [Doc. 14] is DENIED; and the Plaintiff's Motion to Strike Defendants Pelletier and Cassidy's Motion to Dismiss [Doc. 25] is DENIED.  Additionally, the Court invites the Defendants to file motions for sanctions under Federal Rule of Civil Procedure 11(c)(1)(A).

SO ORDERED, this 13 day of September, 2006.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge